UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL FREDRICKS,

                    Petitioner,

-against-

WARDEN RENIE, G.R.V.C.,

                    Respondent.

21-CV-8586 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently detained in the George R. Vierno Center on Rikers Island, brings this amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.[1] Petitioner appears to challenge his pending criminal proceedings in the Supreme Court of the State of New York, New York County.

By order dated November 29, 2021, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file a second amended petition within thirty days of the date of this order.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a

---

[1] Petitioner did not sign the original petition. By order dated October 20, 2021, the Court directed Petitioner to submit the signature page of the petition with an original signature, and to either pay the $5.00 filing fee or submit a completed application to proceed *in forma pauperis* (IFP). (ECF 2.) On November 22, 2021, Petitioner filed an IFP application and a signed amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. (ECF 3, 4.)

Section 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## BACKGROUND

Petitioner Nigel Fredricks[2] brings this amended petition for a writ of *habeas corpus* under Section 2254, but he does not specify the conviction that he challenges other than to indicate that he pleaded not guilty to charge of "[a]ssault second degree" and that he agreed to a bench trial. (ECF 4, at 2.)

Petitioner appears to suggest that he is asserting that the trial court lacked subject matter jurisdiction. (*See id.* at 2.) He writes that his "fundamental rights" were violated, *id.* at 3, and in the section of the amended petition form in which he is instructed to describe the relief he seeks, Petitioner writes, "fundamental miscarriage of justice," *id.* at 15. The amended petition provides no other information.[3]

According to records maintained by the New York State Unified Court System, Petitioner was arrested on December 3, 2019, and has been charged under case number 03946-2019, with

---

[2] Petitioner has used both the name Fredricks and the name Fredericks. He is currently in the custody of the New York City Department of Correction under the name Fredricks.

[3] The amended petition is nearly identical to the original petition.

assault while in a correctional facility, N.Y. Penal Law § 120.05.07; assault in the second degree with intent to cause injury to an officer, N.Y. Penal Law § 120.05.03; and strangulation in the second degree, N.Y. Penal Law § 121.12. A grand jury returned a true bill on December 31, 2019, and on January 9, 2020, Petitioner pleaded not guilty to the charges against him. He has not posted bail, and his next hearing before Judge Mennin is scheduled for December 6, 2021.

Petitioner has previously filed actions in this court arising from these same ongoing criminal proceedings. In *Fredericks v. Doe*, ECF 1:20-CV-11043, 1 (S.D.N.Y.), Petitioner brought a civil rights complaint, in which, among other things, he challenged the same criminal proceedings that he attacks in this action. Petitioner alleged in that action that, while he was incarcerated in the Manhattan Detention Center, he "caught a new charge" for assaulting a correction officer. He appeared before Judge Mennin in Manhattan Criminal Court, and bail was set at $300,000. Petitioner asserted in the civil rights action that Judge Mennin lacked jurisdiction over his case. By order dated January 29, 2021, the Honorable Louis L. Stanton of this court dismissed Petitioner's claims against Judge Mennin based on judicial immunity and notified Petitioner that, before bringing a *habeas* petition challenging the constitutionality of his detention during his criminal proceedings, he must fully exhaust his state court remedies. *Fredericks*, ECF 1:20-CV-11043, 5 (Order to Amend filed January 29, 2021).[4]

Petitioner has also previously filed a Section 2254 petition challenging these same ongoing criminal proceedings in the Supreme Court of the State of New York, New York County. *See Fredricks v. Mills*, 21-CV-3690. By order dated May 17, 2021, the Court notified Petitioner

---

[4] Petitioner responded by filing an amended complaint asserting claims against police officers in Brooklyn arising from events that occurred in Brooklyn. By order dated March 4, 2021, Judge Stanton transferred the action to the United States District Court for the Eastern District of New York. ECF 1:20-CV-11043, 7.

that a challenge to his ongoing criminal proceedings was not proper in a petition under Section 2254, and granted him an opportunity to file an amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, and to show that his grounds for relief were fully exhausted. ECF 1:21-CV-3690, 6. Plaintiff submitted an amended Section 2241 petition in which he stated that he brought an *ex parte* motion in the trial court seeking to dismiss his criminal proceedings on the grounds of "lack of personal jurisdiction." *Id.* at 3. Petitioner claimed that Judge Mennin denied his motion to dismiss the criminal charges against him, and that he was bringing that petition to prevent Judge Mennin from proceeding with his case without jurisdiction.

Because the Court had directed Petitioner to plead all grounds on which he was seeking relief and to plead all facts showing that he exhausted such claims in the state courts, and he failed to do so, the Court dismissed Petitioner's amended Section 2241 petition without prejudice for failure to exhaust. ECF 1:21-CV-3690, 16, at 5. That dismissal was without prejudice to Petitioner filing a petition for a writ of *habeas corpus* under Section 2241 after fully exhausting his state court remedies or filing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging any eventual judgment, after presenting any federal law ground for relief to the state court through one complete round of appellate review. *Id.*

## DISCUSSION

Petitioner styles this application as a petition for a writ of *habeas corpus* under Section 2254, which is an application available to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b)(1). As in his previous Section 2254 petition, *Fredricks*, No. 21-CV-3690, Petitioner challenges his pretrial detention on pending criminal charges in *People v. Fredricks*, 03946-2019, and thus he does not challenge his custody pursuant to a state court judgment.

As Petitioner was notified when he raised the same challenge in *Fredericks*, No. 20-CV-11043, and *Fredricks*, No. 21-CV-3690, a state pretrial detainee may be able to challenge the constitutionality of his detention in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order). But before seeking *habeas corpus* relief under Section 2241, a state pretrial detainee must first exhaust available state court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq*.

Here, as in his previous filings, Petitioner neither clearly articulates the grounds on which he seeks relief nor pleads facts showing that he has fully exhausted his state court remedies. Construed liberally, the amended petition appears to allege that Petitioner filed an application in the Manhattan Supreme Court asserting that the court lacked subject matter jurisdiction. (*See* ECF 4, at 2.) Petitioner does not explain why he thinks the criminal court lacks jurisdiction nor

does he state the result of that application or specify the steps he took to appeal any denial of that decision.[5]

Because Petitioner fails to state all the grounds on which he seeks relief or that his claims are fully exhausted, the Court grants Petitioner leave to amend his petition.

When a district court treats an application filed under some other provision as a Section 2241 petition, however, it must notify the *pro se* petitioner that it intends to recharacterize the pleading and provide the litigant an opportunity to decline the conversion or withdraw the petition. *Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). If Petitioner wishes to proceed with a Section 2241 petition, he must file a second amended Section 2241 petition in order to: (1) identify all of the grounds on which he seeks relief; and (2) plead facts showing that he has fully exhausted his claims by presenting the grounds for relief to the state courts. If Petitioner fails to respond and does not file a second amended Section 2241 petition, the Court will dismiss this Section 2254 petition without prejudice because Petitioner is not seeking relief from a state court judgment.

## CONCLUSION

If Petitioner wishes to proceed with a petition under 28 U.S.C. § 2241, he must file a second amended Section 2241 petition that: (1) identifies the grounds on which he seeks relief; and (2) pleads facts showing that he has fully exhausted his claims by presenting the grounds for relief to the state courts. The second amended petition for a writ of *habeas corpus* under Section 2241 must be submitted to the Court's Pro Se Intake unit within thirty days and bear the docket number 21-CV-3690 (LTS). For Petitioner's convenience, a second amended petition form is

---

[5] Petitioner writes "N/A" next to questions on the petition form asking for the date of the result and the result of the petition. (*Id.*)

attached to this order. If Petitioner fails to respond and does not file an amended Section 2241 petition, the Court will dismiss this Section 2254 petition without prejudice because it does not seek relief from a state court judgment.

Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed mail a copy of this order to the Petitioner and note service on the docket.

SO ORDERED.

Dated:   December 6, 2021
        New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street, Room 230
New York, New York  10007

**RUBY J. KRAJICK**
CLERK OF COURT

### Instructions for Filing
### Amended Petition for a Writ of *Habeas Corpus* under
### 28 U.S.C. § 2241

### To Be Used by Prisoners

1. **Who should use this form:** You should use this form if you are in federal custody or subject to a custodial order of the United States and you wish to challenge the execution – not the validity – of your conviction or sentence (such as, for example, that the BOP miscalculated a sentence or failed to award good time credits properly).  A Section 2241 *habeas corpus* petition may be appropriate in exceptional cases, where you can show that your remedy under 28 U.S.C. § 2255 is "inadequate or ineffective" and that serious constitutional questions may be raised absent collateral review. Section 2241 *habeas corpus* petitions must be filed in the district where you are confined.

If you are challenging your removal proceeding, immigration detention or other immigration related issues, you should use the form Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (For Immigration Matters).

2. **Who should *not* use this form:** If you want to challenge the validity of a federal judgment of conviction and sentence, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered that judgment.  If you want to challenge the validity of a state judgment of conviction and sentence, you must first exhaust your state court remedies in the state appellate process and then file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in the federal district court where your state judgment of conviction was entered.

3. **Caption:**  The caption is located in the top left corner on the first page of the petition.  You, as the person filing the petition, are the "petitioner."  Generally, the Warden or Superintendent of the institution in which you are confined is the "respondent."  The respondent may also be the government official responsible for your confinement.

4. **Signature:** The petition must be signed with a pen.

5. **Fee:** In the U.S. District Court for the Southern District for New York, there is no filing fee for a *habeas* petition brought under 28 U.S.C. § 2241.  <u>See</u> Standing Order M 10-468.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

                    Petitioner,                    SECOND AMENDED PETITION
    v.                                              FOR A WRIT OF *HABEAS*
                                                           *CORPUS*
_____                    UNDER 28 U.S.C. § 2241
_____                    _____Civ. _____ (   )
_____
_____
_____

                    Respondent(s).


**YOU MUST COMPLETE THIS ENTIRE FORM**


1.     Parties in this Petition:

       a.     You are the Petitioner.  List your name and address.  If you are currently in custody, include your identification number and the name and address of your current place of confinement.

Petitioner's Name: _____
Prisoner ID#: _____
Alien #:  _____
Current Institution:_____
Address: _____
_____

       b.     List all Respondents by name, position, and place of employment.  Make sure that the respondent(s) listed below are identical to those contained in the above caption.  Attach additional pages of paper if necessary.

Respondent No. 1
Name: _____
Where Currently Employed: _____
Address: _____
_____

Respondent No. 2
Name: _____
Where Currently Employed :_____
Address: _____
_____

Respondent No. 3
Name: _____
Where Currently Employed :_____
Address: _____
_____

Respondent No. 4
Name: _____
Where Currently Employed: _____
Address: _____
_____

2. This petition concerns (check one):

    a. ☐ a conviction and/or a sentence
    b. ☐ calculation of sentence
    c. ☐ parole
    d. ☐ prison disciplinary proceeding
    e ☐ detainer
    f. ☐ other (explain) _____

3. Provide the following information regarding the conviction(s) and sentence(s) for which you are currently incarcerated.

    a. Name(s) and location(s) of court: _____

    b. Case Number(s): _____

    c. Charge(s) of which you were convicted: _____
_____

    d. What was your plea?
       (1) Not guilty ☐
       (2) Guilty ☐
       (3) Nolo contendere ☐

    e. Did you appeal from the judgment of conviction?    Yes ☐    No ☐

4. If you did appeal, answer the following:

    a. Name of court: _____ Case #: _____

    b. Result: _____

      c.     Date of opinion and mandate (if known): _____

5.    If you are challenging your conviction or sentence:

      a.     Have you previously filed a motion under 28 U.S.C. § 2255?
            Yes ☐      No ☐

            If yes, please provide the case #, the name of the court where filed, relevant date(s), and the results:_____
_____
_____
_____
_____
_____
_____

      b.     Challenges to your federal conviction or sentence can be raised only by motion under 28 U.S.C. § 2255, unless the § 2255 motion is "inadequate or ineffective to test the legality of [your] detention." 28 U.S.C. § 2255 (e). If you are challenging your conviction or sentence, please explain what serious constitutional questions may be raised if the Court does not consider your *habeas* petition:_____
_____
_____
_____
_____

6.    If this case concerns parole,

      a.     Does it concern (check one): ☐ revocation OR   ☐ denial?

      b.     When and where was your parole revoked or denied? _____
_____

7.    If this case concerns a prison disciplinary proceeding, when and where did this proceeding take place? _____

8.    If this case concerns a detainer, does the detainer concern a (check one):
☐ federal matter    ☐ state matter    ☐ immigration matter?

9.    In the spaces below, set forth every ground that supports your claim that you are incarcerated unlawfully. Briefly summarize the specific facts in support of each ground raised. You may attach additional pages if necessary to raise additional grounds or provide additional facts.

a.  Ground One: _____
_____
_____
_____

Supporting FACTS: _____
_____
_____
_____
_____
_____

Exhaustion:

(1) Have you presented Ground One to the Bureau of Prisons either through the prison grievance system or other administrative proceeding?
    Yes ☐        No ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s), including any appeals; if no, please explain why not: _____
_____
_____

b.  Ground Two: _____
_____
_____
_____

Supporting FACTS: _____
_____
_____
_____
_____
_____

Exhaustion:

(1) Have you presented Ground Two to the Bureau of Prisons either through the prison grievance system or other administrative proceeding?
    Yes ☐        No ☐

4

If yes, please provide the results of the proceeding(s) and the relevant date(s), including any appeals; if no, please explain why not:_____
_____
_____

c.     Ground Three: _____
_____
_____
_____

Supporting FACTS: _____
_____
_____
_____
_____
_____

Exhaustion:

(1) Have you presented Ground Three to the Bureau of Prisons either through the prison grievance system or other administrative proceeding?
       Yes ☐       No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s), including any appeals; if no, please explain why not: _____
_____
_____

d.     Ground Four: _____
_____
_____
_____

Supporting FACTS: _____
_____
_____
_____
_____
_____

Exhaustion:

(1) Have you presented Ground Four to the Bureau of Prisons either through the prison grievance system or other administrative proceeding?
    Yes ☐    No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s), including any appeals; if no, please explain why not:_____

_____
_____
_____

10.    Based on the grounds raised above, what are you asking the Court to do?

_____
_____
_____
_____
_____
_____

## DECLARATION

I declare under the penalty of perjury that I have read the above and the information contained in this petition is true and correct.

_____    _____
(Date)                                         Signature of Petitioner

## IF MAILED BY PRISONER:

I declare under the penalty of perjury that this Petition was (check one):

☐ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on

_____.
(Date)

_____
Signature of Petitioner