UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NIGEL FREDRICKS,

                             Petitioner,

            -against-

WARDEN RENIE, G.R.V.C.,

                             Respondent.

21-CV-8586 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner Nigel Fredricks is proceeding *pro se*. On October 18, 2021, the Court received Petitioner's petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. (ECF 1) By order dated October 20, 2021, the Court directed Petitioner to resubmit the signature page of the petition with an original signature, and to either pay the filing fee or complete and submit an application to proceed *in forma pauperis* (IFP). (ECF 2.) On November 22, 2021, the Court received from Petitioner a signed amended Section 2254 petition and an IFP application. (ECF 4, 5.)

    Because the amended petition challenged the legality of Petitioner's pretrial detention rather than his custody pursuant to a state court judgment, by order dated December 6, 2021, the Court determined that the proper vehicle for Petitioner's challenge was a petitioner for a writ of *habeas corpus* under 28 U.S.C. § 2241. The Court therefore granted Petitioner 30 days' leave to file a second amended Section 2241 petition in order to identify all grounds on which he seeks relief and to plead facts showing that he has fully exhausted each of his claims. (ECF 6.) The Court's order further stated that if Petitioner fails to respond and does not file a second amended Section 2241 petition, the Court will dismiss the Section 2254 petition without prejudice because Petitioner is not seeking relief from a state court judgment.

On December 6, 2021, the Court received a letter form Petitioner (ECF 7), which is dated December 1, 2021, asking the Court to treat the original petition (ECF 1), rather than the amended petition (ECF 4), as the operative pleading in this action. Petitioner states that the amended petition was only intended to be a signature page in response to the Court's October 20, 2021 order.

The Court denies Petitioner's request. The original petition and the amended petition are substantively similar, and both pleadings suffer from the deficiencies identified in the Court's December 6, 2021 order to amend. The amended petition (ECF 4) will therefore remain the operative pleading at this stage.

In light of Petitioners *pro se* status, the Court grants Petitioner an extension of time to comply with the Court's December 6, 2021 order. For the reasons stated in the Court's December 6, 2021 order, if Petitioner wishes to proceed with a Section 2241 petition, he must, within 30 days of the date of this order, file a second amended Section 2241 petition in order to: (1) identify all of the grounds on which he seeks relief; and (2) plead facts showing that he has fully exhausted his claims by presenting the grounds for relief to the state courts. If Petitioner fails to respond and does not file a second amended Section 2241 petition, the Court will dismiss this Section 2254 petition without prejudice because Petitioner is not seeking relief from a state court judgment.

## CONCLUSION

The Court denies Petitioner's request to treat the original petition, rather than the amended petition, as the operative pleading in this action. (ECF 7.)

If Petitioner wishes to proceed with a petition under 28 U.S.C. § 2241, he must file a second amended petition for a writ of *habeas corpus* under Section 2241 that: (1) identifies the grounds on which he seeks relief; and (2) pleads facts showing that he has fully exhausted his

claims by presenting the grounds for relief to the state courts. The second amended petition for a writ of *habeas corpus* under Section 2241 must be submitted to the Court's Pro Se Intake unit within thirty days and bear the docket number 21-CV-3690 (LTS). For Petitioner's convenience, a second amended petition form is attached to this order. If Petitioner fails to respond and does not file an amended Section 2241 petition, the Court will dismiss this Section 2254 petition without prejudice because it does not seek relief from a state court judgment.

Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed mail a copy of this order to the Petitioner and note service on the docket.

SO ORDERED.

Dated:   December 8, 2021
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street, Room 230
New York, New York 10007

**RUBY J. KRAJICK**
CLERK OF COURT

# Instructions for Filing
# Amended Petition for a Writ of *Habeas Corpus* under
# 28 U.S.C. § 2241

## To Be Used by Prisoners

1. **Who should use this form:** You should use this form if you are in federal custody or subject to a custodial order of the United States and you wish to challenge the execution – not the validity – of your conviction or sentence (such as, for example, that the BOP miscalculated a sentence or failed to award good time credits properly). A Section 2241 *habeas corpus* petition may be appropriate in exceptional cases, where you can show that your remedy under 28 U.S.C. § 2255 is "inadequate or ineffective" and that serious constitutional questions may be raised absent collateral review. Section 2241 *habeas corpus* petitions must be filed in the district where you are confined.

If you are challenging your removal proceeding, immigration detention or other immigration related issues, you should use the form Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (For Immigration Matters).

2. **Who should *not* use this form:** If you want to challenge the validity of a federal judgment of conviction and sentence, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered that judgment. If you want to challenge the validity of a state judgment of conviction and sentence, you must first exhaust your state court remedies in the state appellate process and then file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in the federal district court where your state judgment of conviction was entered.

3. **Caption:** The caption is located in the top left corner on the first page of the petition. You, as the person filing the petition, are the "petitioner." Generally, the Warden or Superintendent of the institution in which you are confined is the "respondent." The respondent may also be the government official responsible for your confinement.

4. **Signature:** The petition must be signed with a pen.

5. **Fee:** In the U.S. District Court for the Southern District for New York, there is no filing fee for a *habeas* petition brought under 28 U.S.C. § 2241. See Standing Order M 10-468.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

                      Petitioner,

v.

_____
_____
_____
_____

                      Respondent(s).

SECOND AMENDED PETITION
FOR A WRIT OF *HABEAS CORPUS*
UNDER 28 U.S.C. § 2241
_____Civ. _____ (  )

**YOU MUST COMPLETE THIS ENTIRE FORM**

1.     Parties in this Petition:

    a.    You are the Petitioner. List your name and address. If you are currently in custody, include your identification number and the name and address of your current place of confinement.

Petitioner's Name: _____
Prisoner ID#: _____
Alien #: _____
Current Institution: _____
Address: _____
_____

    b.    List all Respondents by name, position, and place of employment. Make sure that the respondent(s) listed below are identical to those contained in the above caption. Attach additional pages of paper if necessary.

Respondent No. 1
Name: _____
Where Currently Employed: _____
Address: _____
_____

Respondent No. 2
Name: _____
Where Currently Employed: _____
Address: _____
_____

Respondent No. 3
Name: _____
Where Currently Employed: _____
Address: _____
_____

Respondent No. 4
Name: _____
Where Currently Employed: _____
Address: _____
_____

2. This petition concerns (check one):

    a. ☐ a conviction and/or a sentence
    b. ☐ calculation of sentence
    c. ☐ parole
    d. ☐ prison disciplinary proceeding
    e ☐ detainer
    f. ☐ other (explain) _____

3. Provide the following information regarding the conviction(s) and sentence(s) for which you are currently incarcerated.

    a. Name(s) and location(s) of court: _____

    b. Case Number(s): _____

    c. Charge(s) of which you were convicted: _____
    _____

    d. What was your plea?
    (1) Not guilty     ☐
    (2) Guilty     ☐
    (3) Nolo contendere     ☐

    e. Did you appeal from the judgment of conviction?    Yes ☐    No ☐

4. If you did appeal, answer the following:

    a. Name of court: _____ Case #: _____

    b. Result: _____

2

      c.     Date of opinion and mandate (if known): _____

5. If you are challenging your conviction or sentence:

      a.     Have you previously filed a motion under 28 U.S.C. § 2255?
            Yes ☐      No ☐

            If yes, please provide the case #, the name of the court where filed, relevant date(s), and the results: _____
_____
_____
_____
_____
_____
_____

      b.     Challenges to your federal conviction or sentence can be raised only by motion under 28 U.S.C. § 2255, unless the § 2255 motion is "inadequate or ineffective to test the legality of [your] detention." 28 U.S.C. § 2255 (e). If you are challenging your conviction or sentence, please explain what serious constitutional questions may be raised if the Court does not consider your *habeas* petition: _____
_____
_____
_____
_____

6. If this case concerns parole,

      a.     Does it concern (check one): ☐ revocation  OR  ☐ denial?

      b.     When and where was your parole revoked or denied? _____
_____

7. If this case concerns a prison disciplinary proceeding, when and where did this proceeding take place? _____

8. If this case concerns a detainer, does the detainer concern a (check one):
☐ federal matter    ☐ state matter    ☐ immigration matter?

9. In the spaces below, set forth every ground that supports your claim that you are incarcerated unlawfully. Briefly summarize the specific facts in support of each ground raised. You may attach additional pages if necessary to raise additional grounds or provide additional facts.

a. Ground One: _____
_____
_____
_____

Supporting FACTS: _____
_____
_____
_____
_____
_____

Exhaustion:

(1) Have you presented Ground One to the Bureau of Prisons either through the prison grievance system or other administrative proceeding?
   Yes ☐    No ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s), including any appeals; if no, please explain why not: _____
_____
_____

b. Ground Two: _____
_____
_____
_____

Supporting FACTS: _____
_____
_____
_____
_____
_____

Exhaustion:

(1) Have you presented Ground Two to the Bureau of Prisons either through the prison grievance system or other administrative proceeding?
   Yes ☐    No ☐

4

If yes, please provide the results of the proceeding(s) and the relevant date(s), including any appeals; if no, please explain why not:_____

_____

_____

c. Ground Three: _____

_____

_____

_____

Supporting FACTS: _____

_____

_____

_____

_____

Exhaustion:

(1) Have you presented Ground Three to the Bureau of Prisons either through the prison grievance system or other administrative proceeding?
Yes ☐     No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s), including any appeals; if no, please explain why not: _____

_____

_____

d. Ground Four: _____

_____

_____

_____

Supporting FACTS: _____

_____

_____

_____

_____

Exhaustion:

(1) Have you presented Ground Four to the Bureau of Prisons either through the prison grievance system or other administrative proceeding?
Yes ☐        No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s), including any appeals; if no, please explain why not:_____
_____
_____
_____

10.  Based on the grounds raised above, what are you asking the Court to do?
_____
_____
_____
_____
_____
_____

### DECLARATION

I declare under the penalty of perjury that I have read the above and the information contained in this petition is true and correct.

_____          _____
(Date)                                                                Signature of Petitioner

### IF MAILED BY PRISONER:

I declare under the penalty of perjury that this Petition was (check one):

☐ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on

_____.
(Date)



                                                                        _____
                                                                        Signature of Petitioner