UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NIGEL FREDRICKS,

                    Petitioner,

        -against-

WARDEN RENIE, G.R.V.C.,

                    Respondent.

21-CV-8586 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, United States District Judge:

      Petitioner Nigel Fredricks is proceeding *pro se* and *in forma pauperis*. On November 22, 2021, the Court received from Petitioner an amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Because the amended petition challenged the legality of Petitioner's pretrial detention rather than his custody pursuant to a state court judgment, by order dated December 6, 2021, the Court determined that the proper vehicle for Petitioner's challenge was a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. The Court therefore granted Petitioner 30 days' leave to file a second amended Section 2241 petition in order to identify all grounds on which he seeks relief and to plead facts showing that he has fully exhausted each of his claims. (ECF 6.) The Court's order further stated that if Petitioner failed to respond and did not file a second amended Section 2241 petition, the Court would dismiss the Section 2254 petition without prejudice because Petitioner is not seeking relief from a state court judgment. By order dated December 20, 2021, the Court granted Petitioner's request for a 30-day extension of time to comply with the Court's order. (ECF 10.)

      On January 24, 2022, the Court received an undated letter from Petitioner seeking another extension of time to comply with the Court's December 6, 2020 order. (ECF 11.) In his letter, Petitioner alleges that his attorney "keep[s] postponing [his] court date" and that Petitioner

is "awaiting for a decision from [his] state habeas corpus that has been stated in the record subject matter jurisdiction from the petitioner Nigel Fredricks on 12-9-21 Judge Mennin, F. Supreme Court Part 61." (*Id.* at 1.) Petitioner states that he is waiting for the disposition of that case before proceeding in federal court. He further states that he goes "back to court" on January 26, 2022. (*Id.*)

The Court construes Petitioner's letter as seeking an extension of time in order to fully exhaust his state court remedies before proceeding with this petition in federal court. As the Court explained in its order to amend, in order for a pretrial detainee to exhaust his state court remedies, he must seek *habeas corpus* relief in the state courts and, if denied, appeal to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq*. As it appears that Petitioner's state *habeas corpus* petition is currently pending in the New York State Supreme Court, the Court is doubtful that Petitioner can fully exhaust his state court remedies by appealing any adverse decision to the New York Court of Appeals in the next 30 days. In light of Petitioner's *pro se* status and the confusing nature of his letter, and in an abundance of caution, the Court grants Petitioner's request for an extension of time to comply with the Court's December 6, 2021 order.

If Petitioner wishes to proceed with a Section 2241 petition, he must, within 30 days of the date of this order, file a second amended Section 2241 petition in order to: (1) identify all of the grounds on which he seeks relief; and (2) plead facts showing that he has fully exhausted his claims by presenting the grounds for relief to the state courts. No further extensions of time will be granted. If Petitioner fails to respond and does not file a second amended Section 2241 petition, the Court will dismiss this Section 2254 petition without prejudice because Petitioner is

not seeking relief from a state court judgment. Petitioner is free to file a Section 2241 petition after fully exhausting his state court remedies.

## CONCLUSION

The Court grants Petitioner's request for an extension of time to comply with its December 6, 2021 order to amend. (ECF 11.)

If Petitioner wishes to proceed with a petition under 28 U.S.C. § 2241, he must file a second amended petition for a writ of *habeas corpus* under Section 2241 that: (1) identifies the grounds on which he seeks relief; and (2) pleads facts showing that he has fully exhausted his claims by presenting the grounds for relief to the state courts. No further extensions of time will be granted. The second amended petition for a writ of *habeas corpus* under Section 2241 must be submitted to the Court's Pro Se Intake unit within 30 days of the date of this order and bear the docket number 21-CV-8586 (LTS). If Petitioner fails to respond and does not file an amended Section 2241 petition, the Court will dismiss the Section 2254 petition without prejudice because it does not seek relief from a state court judgment.

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   January 27, 2022
         New York, New York

                                             /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                            Chief United States District Judge