UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL FREDRICKS,

                      Petitioner,

      -against-

WARDEN RENIE, G.R.V.C.,

                      Respondent.

21-CV-8586 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Nigel Fredricks is proceeding *pro se* and *in forma pauperis* (IFP). On October 18, 2021, the Court received a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. On November 22, 2021, the Court received an amended petition under Section 2254.[1] Because the amended petition challenged the legality of Petitioner's pretrial detention rather than his custody pursuant to a state court judgment, by order dated December 6, 2021, the Court determined that the proper vehicle for Petitioner's challenge was a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. The Court therefore granted Petitioner 30 days' leave to file a second amended Section 2241 petition in order to identify all grounds on which he seeks relief and to plead facts showing that he has fully exhausted each of his claims. (ECF 6.) The Court's order further states that if Petitioner failed to respond and did not file a second amended Section 2241 petition, the Court would deny the amended Section 2254 petition without prejudice because Petitioner is not seeking relief from a state court judgment. On December 20, 2021, the Court granted Petitioner a 30-day extension of time to comply with its order, and on January 27, 2022, the Court granted Petitioner another 30-day extension of time.

---

[1] It appears that Petitioner submitted the amended petition in response to the Court's October 20, 2021, order directing him to sign the petition. The original petition and amended petition are substantively identical.

Plaintiff has not filed a second amended Section 2241 petition. Accordingly, the amended Section 2254 petition, filed IFP under 28 U.S.C. § 1915(a)(1), is denied without prejudice.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 22, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge